IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
    vs.                          )          Cr. No.: 21-CR-01817-KWR
                                )
**LANG ETCITTY,**                )
                                )
            Defendant.           )

## <u>ORDER OF COMMITMENT FOR COMPETENCY EVALUATION AND TREATMENT</u>

**THIS MATTER** is before the Court on the government's unopposed Motion to Commit Defendant to the Custody of the Bureau of Prisons for Additional Competency Evaluation and Treatment (Doc. 40). Having received and reviewed the psychological evaluation of Simone Viljoen, Ph.D. (Doc. 39), and being fully advised of the premises, the Court **FINDS** there is a reasonable basis for concluding that the defendant, Lang Etcitty, is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense

**IT IS THEREFORE ORDERED,** pursuant to 18 U.S.C. § 4241(d), that defendant shall be committed to the custody of the Attorney General for placement in a suitable Bureau of Prisons treatment facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. While at the facility, a sealed report of the evaluation shall be prepared in accordance with 18 U.S.C. § 4247(b) and (c). The report shall be submitted to the Court with copies provided to counsel for the

defendant and counsel for the government.  The report shall address the factors relevant to a determination of competency set forth in 18 U.S.C. § 4247(c), including, but not limited to: (1) the defendant's ability to understand the nature and consequences of the proceedings against him; and (2) the defendant's ability to assist properly in his defense.  The report shall also address the following concerns:

    a.  Does Mr. Etcitty suffer from a mental disease or defect which prevents or impairs his ability to understand the nature of the charges or consult with his lawyer with a reasonable degree of rational understanding, as defined by 18 U.S.C. §4241(d);

    b.  If so, is there a substantial probability that in the foreseeable future Mr. Etcitty will attain the capacity to permit him to proceed, as contemplated by 18 U.S.C. § 4241(d)(1); and

    c.  If there is no substantial probability in the foreseeable future that Mr. Etcitty will attain the capacity to permit the case to proceed, then the report should address whether Mr. Etcitty's release from custody would create a substantial risk of bodily injury to another person or serious damage to the property of another according to 18 U.S.C. §§ 4246 and 4248.

    **IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. §§ 3161(h), the period of delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of Mr. Etcitty shall be excluded in computing the time within which the trial must commence.

    So Ordered this 4th day of October, 2022



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

Submitted by:
Elisa C. Dimas, Assistant U.S. Attorney


Approved by:
Amanda Lavin, Counsel for Defendant